PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD SCOTT SMITH, | CASE NO. 4:25CV00353 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | |
| WARDEN FRANK GARZA *et al.*, | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | |

*Pro se* Plaintiff Richard Scott Smith, a federal inmate incarcerated at FCI Elkton ("Elkton"), filed a Complaint against Warden Frank Garza; Warden Ian M. Healy; Ms. Dees; Nicole Defour; Rick T. Higham, D.D.S.; Scott Lawrence, D.D.S.; Donald Cavanaugh, P.A.; Debra Giannone; Ian Connors; J.C. Petrucci; and, the United States of America. *See* Compl. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), which the Court will grant in a separate Order.

**I. Background**

Plaintiff seeks equitable relief for dental implants, or in the alternative, monetary relief for "neglect, pain and suffering," after struggling to obtain dentures and a soft foods diet while incarcerated under the supervision of the Bureau of Prisons ("BOP"). ECF No. 1 at PageID #: 12. Plaintiff claims that in 2013 he received unfitting dentures from the BOP. ECF No. 1 at PageID #: 6. To obtain a timely release from BOP custody, Plaintiff suggests that he could only accept the condition of the dentures that the BOP provided. ECF No. 1 at PageID #: 6. After

(4:25CV00353)

Plaintiff's release from BOP custody in 2013, Plaintiff sought dental care from a local dentist that began crafting him new dentures, because the dentures that Plaintiff received from the BOP allegedly did not fit. ECF No. 1 at PageID #: 6. In 2020, Plaintiff was arrested. ECF No. 1 at PageID #: 6. At the time of Plaintiff's arrest, however, he was not wearing his dentures, and prison staff advised Plaintiff that he would receive new dentures in prison. ECF No. 1 at PageID #: 7. In March 2021, upon Plaintiff's arrival to Elkton, Plaintiff alleges that Donald Cavanaugh, P.A., and Scott Lawrence, D.D.S., examined Plaintiff's gums. ECF No. 1 at PageID #: 7. Plaintiff claims that Dr. Lawrence told Plaintiff that he was placed on a national waiting list for dentures and would be seen when "time, staff, and resources [were] next available." ECF No. 1 at PageID #7. When Plaintiff expressed his belief that he should be at the top of the list because he has no teeth, and that he is a candidate for dental implants rather than dentures, Ms. Dees from Health Services responded, "I am not sure what you are requesting of me . . . . Dental has responded to your questions. Implants are not available in the Bureau. You will have to continue to work with Dental regarding your issues." *See* Exhibit H (ECF No. 1-12).

In August 2022, Rick T. Higham, D.D.S. examined Plaintiff, and Plaintiff avers that they discussed Plaintiff's needs for dentures. ECF No. 1 at PageID #: 7. It appears that at this time, x-rays were taken, and Plaintiff was placed on a treatment plan. ECF No. 1 at PageID #: 7. Plaintiff, however, objected to Dr. Higham's report that Plaintiff exhibited poor oral hygiene. ECF No. 1 at PageID #: 7. Plaintiff also objected to Dr. Higham's instructions for Plaintiff to perform "toothbrushing and flossing" because he has no teeth to brush or floss. ECF No. 1 at PageID #: 7. In response to Plaintiff's administrative complaints about his purported lack of adequate dental treatment, Defendants advised Plaintiff that he was placed on the routine dental care waiting list in the chronological order in which he first requested routine care; that he

2

(4:25CV00353)

remains on that waiting list, that he received treatment and tests, and that his dental treatment is ongoing. (*See* ECF Nos. 1-19, 1-20). In December 2022, Plaintiff requested a soft fruits diet to help with his weight and out of fear of choking. ECF No. 1 at PageID #: 8; *see also* Exhibit Q (ECF No. 1-21) at PageID #: 92-94 (indicating that Plaintiff is edentulous and that he meets the criteria for a special diet).

      Thereafter, Plaintiff continued to seek dental treatment and monitor his position on the waiting list. ECF No. 1 at PageID #: 8. In June 2024, Dr. Higham examined Plaintiff and advised him that his dentures would be finished by December. ECF No. 1 at PageID #: 9. When Plaintiff asked if the dentures would fit in light of his absence of gums, Dr. Higham advised Plaintiff that "they would figure something out and get back to [him]." ECF No. 1 at PageID #: 9. The dental assistant also conveyed that Plaintiff was at "the top of the list." ECF No. 1 at PageID #: 9. Plaintiff states that the last update he received in December 2024 showed that Plaintiff was 54th on the waiting list for dentures. ECF No. 1 at PageID #: 9. Because Plaintiff has not received his dentures, he filed the instant Complaint. Plaintiff contends that he has been waiting four years for dentures, he has no teeth to eat food, and the prison staff ignores his concerns, including his request to be placed on a special diet.

## II. Legal Standard

    *Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)*; Haines v. Kerner*, 404 U.S. 519, 520 (1972)*.* The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable

3

(4:25CV00353)

basis in law or fact when it hinges on a meritless legal theory or when the factual contentions are baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting FED. R. CIV. P. 8(A)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff need not include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

Courts must construe complaints in the light most favorable to the plaintiff, "accept his or her factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff alleges that he received inadequate medical/dental care during his incarceration at Elkton. The Court liberally construes Plaintiff's Complaint to allege that the Defendants' deliberate indifference to his serious medical needs violated the Eight Amendment. This claim is brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (holding that the district court properly construed the filing as a *Bivens* action when plaintiff alleged that he was

4

(4:25CV00353)

deprived of a right secured by the United States Constitution by persons acting under color of federal law). *Bivens* provides a cause of action against federal officials for certain limited constitutional violations, including an Eighth Amendment cruel and unusual punishment claim. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017).

The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) (holding "[when] prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment."). A prisoner must therefore establish that (1) his medical condition posed a "substantial risk of serious harm" to him, and (2) each defendant in question acted with subjective deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828-30 (1994).

A constitutional claim for denial of medical care has objective and subjective components. *Farmer*, 511 U.S. at 834. The objective component requires that the plaintiff show the existence of an "objective[] 'sufficiently serious'" medical need. *Farmer*, 511 U.S. at 834. A sufficiently serious medical need has been defined as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted).

The subjective component "an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Brown v. Bargery*, 207 F.3d 863, 867

5

(4:25CV00353)

(6th Cir. 2000)). To establish the requisite culpability, a prisoner must establish that the prison official(s) "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010); *Brik v. McConnell,* No. 4:20-cv-1825, 2021 U.S. Dist. LEXIS 16955, at *6 (N.D. Ohio Jan. 29, 2021). "[A]n inadvertent failure to provide adequate medical care" is not "repugnant to the conscience of mankind" and is therefore not enough to state a claim of deliberate indifference. *Estelle*, 429 U.S. at 105-06. Likewise, allegations of medical malpractice or negligent diagnosis and treatment cannot sustain a claim of deliberate indifference. *Jennings v. Al-Dabagh,* 97 Fed. App'x. 548, 550 (6th Cir. 2004).

Plaintiff has sufficiently alleged his serious medical needs—dental treatment and a soft foods diet. Plaintiff, however, fails to allege that Defendants acted with subjective indifference to his need for dental treatment, but Plaintiff has succeeded with respect to his soft foods diet. The Court reviews the sufficiency of Plaintiff's claim that Defendants acted with deliberate indifference in denying him dental treatment and a soft foods diet, below.

**A. Dental Treatment**

The Complaint indicates that Plaintiff received regular treatment from medical professionals, he was on a dental treatment plan, and that he was placed on the national waiting list for dentures. Plaintiff believes his condition warranted more urgent treatment. He contends that outside x-rays would reveal the bone loss and damage, and the x-rays would demonstrate the need for dental implants. Plaintiff also believes he should have been on a higher place on the waiting list for dentures. Even so, a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *See Dodson v.*

6

(4:25CV00353)

*Wilkinson*, 304 Fed. App'x. 434, 440 (6th Cir. 2008); Ward v. Smith, No. 95-6666, 1996 WL 627724 (6th Cir. Oct. 29, 1996) (recognizing that "differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim"). When a prisoner has received some medical attention, "and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

At most, the Complaint alleges negligence. Indeed, Plaintiff questions why the prison staff has been so "neglectful." (ECF No. 1 at PageID #: 11). He alleges no facts plausibly suggesting any defendant had the subjective state of mind necessary to support a constitutional deliberate indifference claim.

### B. Soft Foods Diet

Plaintiff maintains that his need for a soft foods diet has been acknowledged but alleges that his request for a soft foods diet has been ignored. *See e.g.*, ECF No. 1 at PageID #: 11 ("Why haven't I been placed on a special diet, after I requested it?"); Exhibit O (ECF No. 1-19) at PageID #: 86 ("I had spoken to dental and my doctor about trying to get on a soft food and fruit diet, to help alleviate issues of choking on the food, they stated they would consider it, that was back in December to no avail.").

Plaintiff's medical records also indicate that Health Services acknowledged his eligibility for a soft foods diet. *See* Exhibit Q (ECF No. 1-21) at PageID #: 92 (indicating that Plaintiff requested a soft foods diet, and that he "currently meet[s] [the] criteria for a special diet."). There are also two pages of exhibits including a request for administrative remedy illegible (*see* Exhibit N (ECF No. 1-18) at PageID #: 80-81), and the Central Office subsequently filed a

(4:25CV00353)

response acknowledging Plaintiff's request and encouraged him to request a sick call.  *See* Exhibit P (ECF No. 1-20) at PageID #: 89, 91 (showing first that Plaintiff complained about his "inability to masticate [his] food[]", and then, showing the Central Office Administrative Remedy Appeal response recommending that Plaintiff request a modified diet, despite Plaintiff already mentioning that he requested the special foods diet).

      Plaintiff has shown his eligibility for the soft foods diet, and that he has requested the diet.  He has not made clear whether prison staff refused to provide him with a special foods diet despite his request and prison staff's acknowledgment that he is eligible.  Nevertheless, Plaintiff's requests for the diet out of fear of choking followed by no response suggest that Defendants knew "[Plaintiff] face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847.  For this reason, Plaintiff's deliberate indifference claim related to his soft foods diet shall remain.

### IV.  Conclusion

      Accordingly, pursuant to 28 U.S.C. § 1915(e), the Court dismisses Plaintiff's Complaint (ECF No. 1) in part.  Specifically, the Court dismisses Plaintiff's claim of deliberate indifference relating to his dental treatment but allows the claim of deliberate indifference with respect to his soft foods diet to proceed.  The Court directs the Clerk's office to instruct the United States Marshals Service to perfect service upon Defendants.

      IT IS SO ORDERED.

| May 30, 2025 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

8