PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD SCOTT SMITH, | ) | CASE NO. 4:25-CV-00353 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| FRANK GARZA, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 23, 27, and 29] |

## I. INTRODUCTION

The Court considers a Motion to Stay (ECF No. 27) and a Motion to Exclude (ECF No. 23). Plaintiff Richard Scott Smith is incarcerated at Federal Correctional Institution ("FCI") Elkton in Lisbon, Ohio. Proceeding *pro se*, he sued the federal government and various correctional and medical prison staff under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and *Carlson v. Green*, 446 U.S. 14 (1980) for inadequate medical care in violation of the Eighth Amendment. On review, the Motion to Stay (ECF No. 27) is granted and the Motion to Exclude (ECF No. 23) is denied.

## II. BACKGROUND

Plaintiff is serving sixteen years at FCI Elkton for distributing and possessing child pornography. *See United States v. Smith*, No. 6:20-CR-00023 (E.D. Ky. filed May 28, 2020). He was toothless and dentureless when he entered prison. ECF No. 1 at PageID #: 62. At his initial medical examination, he requested dental implants. ECF No. 1 at PageID #: 71. At a later appointment, he asked for a diet of "soft fruits." ECF No. 1 at PageID #: 92. Separately,

(4:25-CV-00353)

he pursued administrative relief through the Federal Bureau of Prisons ("BOP") for the implants and correction of his oral hygiene records.  ECF No. 1 at PageID ##: 78–91.  He also accused prison staff of falsifying those records and failing to accommodate his dental condition.  ECF No. 1 at PageID ##: 78–91.  The BOP denied Plaintiff's requests and allegations.  ECF No. 1 at PageID ##: 89–91.

Frustrated by the denials, Plaintiff filed a complaint in federal court against Defendants Frank Garza, Ian Healy, Ms. Dees, Nicole Defour, Dr. Rick Higham, Dr. Scott Lawrence, Donald Cavanaugh, Debra Giannone, Ian Connors, J.C. Petrucci, and the United States of America on February 21, 2025.  ECF No. 1 at PageID ##: 2–4.  He seeks the dental implants, compensation for neglect, pain and suffering, gum and bone loss, and a change in BOP policy governing inmate medical care.  ECF No. 1 at PageID ##: 1–13.  In the alternative, he asks for compassionate release.  ECF No. 1 at PageID #: 13.  The Court dismissed the complaint in part under 28 U.S.C. § 1915(e), leaving only a deliberate indifference claim regarding Plaintiff's request for a soft-food diet.  ECF No. 4.  Defendants answered and moved separately to dismiss under Rule 12(b)(6).  ECF Nos. 18, 19.  Later, Plaintiff moved to exclude his criminal history from the record.  ECF No. 23.  Before the Court resolved the motions, Defendants jointly moved for a stay.  ECF No. 27.  Plaintiff responded in opposition.  ECF No. 28.

### III.  DISCUSSION

#### A.  *Motion to Stay*

A stay is "an order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding."  *Stay*, Black's Law Dictionary (12th ed. 2024) (citation modified).  Defendants want to stay this case until the Supreme Court resolves the certified question in *Nielsen v. Watanabe*, No. 25-417 (cert. granted June 22, 2026).  ECF No. 27.  Sixth Circuit

2

(4:25-CV-00353)

courts typically use the "traditional test" from *Nken v. Holder*, 556 U.S. 418, 434 (2009) to decide whether a stay pending appeal is appropriate.  *Sarkisov v. Bondi*, 138 F.4th 976, 979 (6th Cir. 2025).  But when, as here, the pending appeal is in a *different* case before the Supreme Court post-*certiorari*, the better framework comes from *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) and the Court's inherent power "to control the disposition of the causes on its docket."  *See Petlechkov v. Stengel*, No. 24-5483, 2025 WL 2046329, at *2 (6th Cir. July 18, 2025).  Under *Landis*, the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Id.* (quoting *Landis*, 299 U.S. at 255).  That requires showing "there is pressing need for delay, and that neither the other party nor the public will suffer harm."  *Id.* (quoting *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)) (citation modified).

*   *   *

Defendants argue that *Nielsen*—once decided—"may resolve or significantly limit the issues in this case."  ECF No. 27 at PageID #: 288.  More specifically, they claim the Supreme Court is likely to "limit or eliminate individual-capacity [*Bivens*] claims under *Carlson*," precisely the type of claim Plaintiff brings here.  ECF No. 27 at PageID #: 290.  They say a stay is "justified when a related matter pending in another jurisdiction is likely to impact the case's resolution."  ECF No. 27 at PageID #: 288 (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).[1]  They also claim a stay will promote judicial

---

[1] Defendants' authority is off point: *Leyva* addressed staying litigation pending arbitration proceeding, not pending resolution of a separate case by the Supreme Court.  Moreover, it is outdated and out-of-circuit.  *See* 593 F.2d at 864.

3

(4:25-CV-00353)

economy, conserve resources, mitigate inconsistent judgments, and impose no undue hardship on Plaintiff. ECF No. 27 at PageID ##: 288–90. Plaintiff did not respond to the motion.

\* \* \*

Some background is appropriate. In 1971, the Supreme Court held in *Bivens* that a person whose constitutional rights are violated by a federal agent can sue for damages in federal court even without statutory authorization. *See* 403 U.S. at 397. Since then, *Bivens* has been extended just twice: *first*, to sex discrimination claims under the Fifth Amendment's Due Process Clause, *see Davis v. Passman*, 442 U.S. 228 (1979), and *second*, to inadequate medical care claims under the Eighth Amendment's prohibition of cruel and unusual punishment. *See Carlson v. Green*, 446 U.S. 14 (1980). More recently, the Supreme Court has "emphasized that recognizing a [new] cause of action under *Bivens* is a disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022).

Enter Kekai Watanabe. In 2022, he sued a paramedic at the federal prison where he was incarcerated under the Eighth Amendment and *Bivens* for declining his request to visit a hospital after a gang-riot injury. *See Watanabe v. Derr*, No. CV 22-00168 JAO-RT, 2023 WL 2500933, at \*1 (D. Haw. Mar. 10, 2023). The district court held that Watanabe sought a new, unrecognized *Bivens* remedy and thus granted the defendant's motion to dismiss under Rule 12(b)(6). *See id.* at \*8. The Ninth Circuit reversed, finding that his claim was *not* novel under *Bivens*. *See Watanabe v. Derr*, 115 F.4th 1034 (9th Cir. 2024). That decision was part of an ongoing circuit split as to whether and when "new" *Bivens* claims should be recognized or rejected. *Compare Watkins v. Mohan*, 144 F.4th 926, 934 (7th Cir. 2025) (recognizing) *with Muniz v. United States*, 149 F.4th 256, 265 (3d Cir. 2025) (rejecting) (collecting cases). To break the split, the Supreme Court granted *certiorari* in *Nielsen* on one certified question: can

4

(4:25-CV-00353)

federal prisoners sue prison officials for money damages under *Bivens* for deliberate indifference to non-life-threatening injuries? *See* No. 25-417, 2026 WL 1780123 (U.S. June 22, 2026) (granting *certiorari*).

*   *   *

When *certiorari* has been granted in a separate but impactful case, lower courts should consider "holding off" to learn whether the Supreme Court announces a new rule. *In re Embry,* 831 F.3d 377, 382 (6th Cir. 2016) ("After the Supreme Court resolves some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently"). Guided by *Landis*, a stay is appropriate in this case.

*Pressing Need for Delay*

Defendants note that "in the years since *Bivens* and *Carlson* were decided, the Supreme Court has consistently limited their reach." ECF No. 27 at PageID #: 288. If that trend holds, claims like Plaintiff's will likely not prevail. *See Egbert*, 596 U.S. at 491. Accordingly, *Nielsen*'s resolution will directly affect this case and provide guidance as to whether *Bivens* permits individual-capacity damages claims for non-fatal inadequate medical care in federal prisons. Because *certiorari* has already been granted, "it makes little sense to undertake the herculean task of plodding through [this litigation] when one decision by the Supreme Court could invalidate the entire case." *Michael v. Ghee*, 325 F. Supp. 2d 829, 833 (N.D. Ohio 2004) (Carr, J.) (citation modified).

*Harm to the Other Party*

Plaintiff's opposition to the stay is not well taken. ECF No. 28. A stay, under the circumstances presented herein, will not diminish Plaintiff's Eighth Amendment claim or the relief he seeks thereunder. Because the Supreme Court will resolve *Nielsen* during the October

5

(4:25-CV-00353)

2026 term—a decision is likely by June 2027—the stay is both temporary and finite.  Although the delayed resolution of an alleged constitutional violation might be burdensome, that burden is minimal when weighed against the Court's obligation to "get the law right."  *Gmeiner v. Kent*, No. 25-2000, 2026 WL 1998638, at *5 (6th Cir. July 10, 2026) (quoting *United States v. Jones*, 53 F.4th 414, 417 (6th Cir. 2022)) (citation modified).

*Public Interest*

When legal sands are shifting, a finite stay can serve the public's interest in the efficient and effective administration of justice.  *See Cath. Charities of Jackson, Lenawee, & Hillsdale Ctys. v. Whitmer*, 162 F.4th 686, 701 (6th Cir. 2025) (Bloomekatz, J., dissenting) ("Waiting for the Supreme Court's decision . . . promote[s] judicial efficiency, uniformity, and legitimacy").  Moreover, staying proceedings to await a potentially dispositive Supreme Court decision will prevent the possibility of premature judgment that might conflict with controlling law once *Nielsen* issues.  On balance, staying this case is appropriate.

**B.  *Motion to Exclude***

Separately, Plaintiff moves to "have [his] criminal history charges excluded from this case's documents."  ECF No. 23 at PageID #: 270 (citation modified).  But his motion ignores the "strong presumption in favor of openness as to court records."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation modified).  To succeed, he was required to show a compelling reason for exclusion by "analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Id.* at 305–06.

Plaintiff did not carry this burden.  *See id.* at 306 ("So perfunctory was this motion that it could have been summarily rejected") (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d

6

(4:25-CV-00353)

544, 546 (7th Cir. 2002)).  Although he is correct in believing his child pornography convictions are "irrelevant . . . to the type or amount of [medical] treatment [he] should have received while incarcerated[,]" his assertion that the inclusion of publicly available information on the docket will "taint or decide these proceedings" is without merit.  ECF No. 23 at PageID #: 270.  His criminal history will be given no greater consideration than required.  On balance, exclusion is unwarranted.

## IV.  CONCLUSION

Defendants' Motion to Stay (ECF No. 27) is granted.  This case is hereby stayed *in toto* pending the Supreme Court's decision in *Nielsen v. Watanabe*, No. 25-417 (cert. granted June 22, 2026). Within fourteen days of the issuance of that decision, Defendants shall file a status report addressing its impact, if any, on this case.  Plaintiff shall respond within 14 days of that filing.  Plaintiff's Motion to Exclude (ECF No. 23) is denied.[2]

IT IS SO ORDERED.

July 30, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

---

[2] All pending motions, including ECF No. 29, Plaintiff's motion to add an exhibit, are terminated and preserved for review when the case resumes.